IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDEZ M. WHITE, #448553, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 21-cv-00476-JPG ) |
| RICHARD WATSON, DR. MARCOWITZ, and WEXFORD HEALTH SOURCES, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On May 13, 2021, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). In it, Plaintiff claimed he was denied dental care at St. Clair County Jail. (*Id*. at 6-9). He requested money damages and medical attention. (*Id*. at 10).

Plaintiff filed this action without prepaying the $402.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP). On May 13, 2021, he was ordered to do one or the other within thirty days (on or before June 14, 2021). (Doc. 3). Plaintiff was warned that failure to pay the filing fee or submit the motion to proceed without prepayment of the filing fee by the deadline would result in dismissal of the action without prejudice for failure to prosecute. (*Id*.) (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)).

Plaintiff missed the deadline for paying the filing fee or filing an IFP motion on June 14, 2021. He did not request an extension of this deadline. Therefore, on June 22, 2021, this Court entered a Notice of Impending Dismissal. (Doc. 9). Plaintiff was given until July 6, 2021, to either prepay the filing fee in full or file a properly complete IFP motion. (*Id*.). He was again

1

warned that failure to do so would result in dismissal of the action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b). (*Id.*). He again missed the deadline. More than a week has passed since the final deadline expired, and the Court has heard nothing from Plaintiff.

Accordingly, the action is **DISMISSED** without prejudice for failure to comply with Orders (Docs. 3 and 9) of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **TERMINATED**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  July 12, 2021

                                                  s/ *J. Phil Gilbert*
                                                 **J. PHIL GILBERT**
                                                 **U.S. District Judge**